UNITED STATES of America,
Plaintiff–Appellant,

v.

John DAVIS, Defendant–Appellee.

No. 01–1731.

United States Court of Appeals,
Sixth Circuit.

July 16, 2002.

Before NELSON, SILER, and CLAY,
Circuit Judges.

*ORDER*

The government appeals from the sentence imposed on John Davis. Counsel for both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Davis pleaded guilty to conspiracy to obtain by fraud and unlawfully con-

vert to his own use property owned by a local governmental agency in violation of 18 U.S.C. §§ 666(a)(1)(A) and 371. The district court sentenced Davis to three years of probation and imposed a $7000 fine. In this timely appeal, the government argues that the district court should have sentenced Davis to a term of imprisonment.

It is undisputed that Davis had a Total Offense Level of 12 and a Criminal History Category of 1. The resulting Guidelines range of 10 to 16 months of imprisonment placed Davis in Zone C of the Sentencing Guidelines Table. USSG § 5B1.1(a) provides that probation is authorized only for a sentence having a Guidelines range falling within Zones A or B of the Sentencing Table. Specifically, the Guidelines do not authorize probation for a sentence falling within Zones C or D of the Sentencing Table. USSG § 5B1.1, comment. (n.2). Further, a sentence falling within Zone C of the Sentencing Table may be satisfied by a sentence that includes a term of supervised release, as long as one-half of the minimum term is satisfied by imprisonment. USSG § 5C1.1(d). In such a case, at least one-half of the minimum term must be served through imprisonment, and the remainder of the term may be satisfied by community confinement or home detention. USSG § 5C1.1, comment. (n.4(B)).

The district court improperly sentenced Davis to probation. While the court acknowledged that it was required to impose a term of imprisonment on Davis, the court decided to merely impose probation because it did not believe that the facts of the case justified imprisonment, and the court gambled that the government would decide to not pursue an appeal. However, the government has appealed this sentence, and the district court did not provide any reason for disregarding the requirements of the Guidelines beyond its dislike for the prospect of imprisonment.

Indeed, the court appears to acknowledge that any appeal by the government would be successful and result in resentencing.

While Davis argues that the district court's sentence could be construed as a downward departure from the applicable Guidelines range, this argument is without merit. Although the court did indicate that a sentence of imprisonment would be unduly harsh under the facts of this case, the court did not refer to its sentence as a downward departure. In deciding whether to depart, the sentencing court must determine whether the factors possibly warranting departure are forbidden, encouraged, or discouraged by the Sentencing Commission as factors upon which to base a departure. *United States v. Yang*, 281 F.3d 534, 545 (6th Cir.2002); *United States v. Coleman*, 188 F.3d 354, 358 (6th Cir.1999) (en banc). If the sentencing court determines that those factors are permissible and warrant a departure, the court must also provide a statement of reasons sufficiently detailed to permit review of the reasonableness of the departure in light of the grounds for it. *Yang*, 281 F.3d at 545; *United States v. Crouse*, 145 F.3d 786, 789 (6th Cir.1998). The district court failed to undertake this analysis. The court never examined whether a departure was permissible under the facts, nor did the court provide a statement which would justify a departure.

Accordingly, this court vacates the district court's judgment and remands the case for resentencing. In so doing, we do not mean to imply that departure is inappropriate in this case. However, if the court again wishes to depart from the sentencing guidelines on remand, it must set forth a legally permissible reason for this result.